IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DARNELL JONES,<br>Plaintiff, | § § § | |
| v. | § § | No. 3:25-CV-3247-G-BW |
| GUILLERMO SANTOYO, JR, et al.,<br>Defendants. | § § § | Referred to U.S. Magistrate Judge[1] |

# **ORDER**

Plaintiff Michael Darnell Jones, proceeding pro se, initiated this action on November 25, 2025. (Dkt. No. 3.) He also filed a motion to proceed in forma pauperis ("IFP Motion"). (*See* Dkt. No. 5.) The undersigned recommended that Senior United States District Judge A. Joe Fish deny Jones's IFP Motion and provided notice that Jones's complaint was subject to judicial screening under 28 U.S.C. § 1915(e)(2). (Dkt. Nos. 9, 11.)

On December 9, 2025, Jones filed an amended complaint (Dkt. No. 12) and paid the filing fee in this case. In light of his payment of the filing fee, his IFP Motion (Dkt. No. 5) is **DENIED** as moot, and the Court **WITHDRAWS** the December 2, 2025 Findings, Conclusions, and Recommendation of the United States Magistrate Judge recommending denial of the IFP Motion (Dkt. No. 9.)

By paying the filing fee, Jones has undertaken the obligation to bring Defendants into this action by properly serving them with a summons and the

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

amended complaint according to the processes prescribed by Federal Rule of Civil Procedure 4. Jones must prepare and request a summons for each Defendant pursuant to Fed. R. Civ. P. 4(a) and (b) and arrange to have each defendant served. The Court specifically notes that Jones cannot be the individual who effects service on each Defendant. *See* Fed. R. Civ. P. 4(c)(1) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added)). Additionally, Plaintiff must file with the Court a proof of service in accordance with Rule 4(*l*).

The Court further advises Jones that proper service must be made and shown to the Court through a filed proof of service **no later than March 9, 2026**, which is 90 days from the date he paid the filing fee. *See* Fed. R. Civ. P. 4(m); *see also Leeper v. Carte Blanche*, No. 3:23-CV-1091-E-BN, 2024 U.S. Dist. LEXIS 50187, at *2-3 (N.D. Tex. Mar. 20, 2024). If Jones fails to show proof of valid service on each Defendant by the deadline established by Rule 4(m), this case is subject to dismissal at to each unserved Defendant unless Plaintiff shows both (1) good cause for the failure to serve the Defendant and (2) good cause for the Court to extend the time for service for an appropriate specified period. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Also before the Court is Jones's December 9, 2025, motion seeking authorization to file handwritten documents in this case. (Dkt. No. 14.) Jones asserts that he is unable to type to do injuries to his fingers suffered during military

service. Having considered the motion and observing that Jones's handwriting is legible, the Court **GRANTS** Jones's motion (Dkt. No. 14), and he may continue to submit documents prepared using legible handwriting. *See* N.D. Tex. L. Civ. R. 7.2(a) (requiring a brief to be "printed, typewritten, or presented in some other legible form").

Finally, on December 16, 2025, Jones filed 39 pages comprising an amalgamation of documents—some handwritten, some apparent excerpts from form complaints or motions. (*See* Dkt. No. 16.) Some appear to request that the clerk of court file motions on his behalf—e.g., File Motions for an Ex Parte Proceeding or File Motions for All Amendments Rights. Interspersed in the filing are pages from a standard form complaint, a certificate of interested parties, and a notice of appeal. The Court does perceive any request for relief sought in the amalgamated filing. In the event Jones is seeking Court action by the filing (Dkt. No. 16), it is **DENIED** without prejudice. Jones may file a motion for relief sought in compliance with N.D. Tex. L. Civ. R. 7.1.

**SO ORDERED** on January 14, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3