IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL DARNELL JONES,        §
      Plaintiff,        §
                   §
v.        §        No. 3:25-CV-3247-G-BW
                   §
GUILLERMO SANTOYO, JR., et al.,        §
      Defendants.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Darnell Jones, proceeding pro se, initiated this action on November 25, 2025.  (Dkt. No. 3.)  After the undersigned recommended that Jones's motion to proceed in forma pauperis ("IFP Motion") be denied and advised Jones that his complaint was subject to judicial screening under 28 U.S.C. § 1915(e)(2) (*see* Dkt. Nos. 9, 11), Jones filed an amended complaint (Dkt. No. 12) and paid the filing fee in this case.[1]

While Jones's Complaint (Dkt. No. 3 ("Compl.")) and Amended Complaint (Dkt. No. 12 ("Am. Compl.")) are very unclear, it appears that this lawsuit arises out of a car accident that occurred on February 27, 2019—nearly seven years ago.  (*See*

---

[1] In an order dated January 14, 2026, Jones was informed that, in light of his payment of the filing fee, he "has undertaken the obligation to bring Defendants into this action by properly serving them with a summons and the amended complaint according to the processes prescribed by Federal Rule of Civil Procedure 4.  (*See* Dkt. No. 17 at 1-2.)  The Court specifically explained that Jones cannot be the individual who effects service on each Defendant.  (*See id.* at 2 (citing Fed. R. Civ. P. 4(c)(1).)  Yet, the record reflects that Jones attempted to serve Defendants by sending the summons and complaint to each defendant by regular United States Postal Service mail.  (*See, e.g.*, Dkt. Nos. 44 through 54.)  Thus, it does not appear that Jones has properly served any of the Defendants.

*id.*; *see also* Dkt. No. 18.)   Jones names several defendants, including the other driver(s) involved in the accident, attorneys involved in the state court litigation, insurance companies, medical providers, and federal law enforcement agencies.  (*See id.*)

This action was referred to the undersigned magistrate judge for pretrial management and recommendation on claim-dispositive motions pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251.  (*See* Dkt. No. 1.)

Having considered the pleadings and the relevant law, the undersigned recommends, for the reasons set out below, that the Court dismiss this lawsuit for lack of subject-matter jurisdiction and, in the alternative, to the extent that there is (or could be) subject-matter jurisdiction, dismiss this lawsuit for failure to allege a plausible claim.

## I.  DISCUSSION

**A.    The Court should dismiss this lawsuit for lack of subject-matter jurisdiction.**

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law, or where diversity of citizenship exists between the parties.  *See* 28 U.S.C. §§ 1331 (federal question jurisdiction, 1332(a) (diversity jurisdiction).

Subject-matter jurisdiction under Section 1331 typically "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'") (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Under § 1331, "when a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, *i.e.*, a claim which has no plausible foundation or which is clearly foreclosed by a prior [United States] Supreme Court decision." *Copeland v. E\*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at \*2 (5th Cir. Jan. 10, 2025) (unpublished) (cleaned up) (quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting, in turn, *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977))). Section 1331, as an "independent basis of subject matter jurisdiction" then allows for supplemental jurisdiction under 28 U.S.C. § 1367 for purely state law claims. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at \*2 (5th Cir. Mar. 28, 2023) (citing *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221 (5th Cir. 2012)).

3

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a), (b).  This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (citation omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up); *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) ("The amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation.  The amount is measured by the value of the object of the litigation.") (cleaned up).  "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).  More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up).

"For diversity purposes, state citizenship is synonymous with domicile.  A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F.

App'x 401, 403 (5th Cir. 2013) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. . . .  Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.'  For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home.  An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'"  *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)).  For example, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship."  *J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (citation omitted).  And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'"  *Dos Santos*, 516 F. App'x at 403 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by pro se plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, No.

CIV.A.3:04-CV-0483-M, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly;" jurisdiction cannot be "established argumentatively or by mere inference." *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass*, 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a pro se litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez*, No. 200CV0064, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court "is duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

To start, Jones does not plead diversity iurisdiction in either the Complaint or the Amended Complaint.   On the face of Jones's own pleadings, he states his address and the addresses of each Defendant as being in Texas.   (*See generally* Compl.; Am. Compl.)   Thus, on the face of the Complaint and Amended Complaint there are no factual allegations that support diversity jurisdiction.  (*Id.*)

Jones also does not plead federal question jurisdiction.  (*See generally id.*) There is no federal statute, treaty and/or provision of the U.S. Constitution that governs this matter.  Jones recites a litany of claims, including professional negligence, fraud, misrepresentation, and misconduct (*see* Am. Compl. at ECF p. 1), but it is apparent that these claims arise from his February 2019 motor vehicle accident and his state-court lawsuit related to that accident (*see* Compl. at ECF p. 18) (Original petition, Dallas County Court at Law, Case No. CC-20-02097-B)). Although Jones vaguely mentions "race problems" (*see* Am. Complaint at ECF p. 1), he has stated no factual allegations to support jurisdiction on that basis.

The Court should therefore dismiss this lawsuit for lack of subject-matter jurisdiction. And, because Jones has not shown that the Court possesses jurisdiction over this lawsuit, the Court lacks the power to exercise supplemental jurisdiction under 28 U.S.C. § 1367 for any state law claims.  *Atkins*, 2023 WL 2658852, at *2; *Arena*, 669 F.3d at 221.

Also pertinent here is the *Rooker-Feldman* doctrine, which prohibits federal subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Under the *Rooker-Feldman* doctrine:

> [F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotation marks and footnotes omitted); *see Spencer v. Wilson*, No. CV 4:18-4563, 2020 WL 822096, at *1 (S.D. Tex. Feb. 18, 2020) ("If a federal plaintiff's alleged injury arises from an 'allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,' then *Rooker-Feldman* bars the federal court's jurisdiction." (quotation marks omitted)); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress.") (quoting *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted)).

There are four elements to the *Rooker-Feldman* doctrine: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Exxon Mobil Corp.*, 544 U.S. at 284.

Here, Jones has previously litigated his claims in state court as described

below.  (*See generally* Dkt. No. 29; *see also* Dkt. No. 18 at ECF p. 5-30 (state court

docket sheet.)   Specifically:

> 2. [] Plaintiff filed suit alleging damages for [the February 2019]
> accident on June 29, 2020 in Dallas County Court at Law No. 2, Cause
> No. CC-20-02907-B, alleging that Guillermo Santoyo Jr. was negligent
> and that Joel Gonzalez negligently entrusted a vehicle to Santoyo. A
> jury trial was held on November 4, 2024.  At the conclusion of the
> evidence at that trial, Defendant Chad Kimble (the defense attorney for
> Defendants Santoyo and Gonzalez) moved for directed verdict based
> on the evidence that Santoyo was a licensed driver at the time of the
> accident, and that Plaintiff presented no evidence of any damages.  The
> trial court (Dallas County Court at Law No. 2) granted the motion for
> directed verdict.
>
> 3. Plaintiff later appealed the ruling of the trial court to the Fifth Court
> of Appeals.  Stilwell was counsel for Defendants Santoyo and Gonzalez
> (as appellees) in Plaintiff's appeal to the court of appeals.  *See Michael
> Jones vs. Guillermo Santoyo, Jr. and Joel Gonzalez*, No. 05-24-01328-CV.
> Plaintiff's appeal was dismissed on October 21, 2025.
>
> 4. Plaintiff filed a motion for rehearing, and that motion was denied by
> the Fifth Court of Appeals on November 13, 2025, without any briefing
> from Stilwell on behalf of Defendants Santoyo and Gonzalez.

(*See* Dkt. No. 29 at 1-2.)

Thus, it is apparent on the face of Jones's pleadings (Compl.; Am. Compl.), as

well as Jones's Motion to Add Complaint Case Information to Ask the Clerk of the

Court to Give Case Information to the Judges of the Courts (Dkt. No. 18) that Jones

tried the same issues to Dallas County Court at Law No. 2 in Dallas County Cause

No. CC-20-02907-B, at which trial the court granted Defendant Kimble's Motions

for Directed Verdict as to Defendants Santoyo and Gonzalez.  (*See* Dkt. No. 18 at

ECF p. 29.)  Jones then appealed the order granting Defendant Kimble's motions for

directed verdict as to Defendants Santoyo and Gonzalez, and the Fifth Court of Appeals dismissed Plaintiff's appeal, effectively affirming the findings of the trial court.  (*See id.* at ECF p. 29-30.)

In addition to the *Rooker-Feldman* doctrine, res judicata, or claims preclusion, prevents relitigation of claims or causes of action that have been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit.  *Barr v. Resol. Tr. Corp.*, 837 S.W.2d 627 (Tex. 1992).  All of Jones's claims have been litigated in the prior suit, or, are the types of claims and causes of action that, with the use of diligence, should have been litigated in the prior suit.  The Court should therefore dismiss this lawsuit for lack of subject-matter jurisdiction on this additional basis.

**B.    Alternatively, to the extent that Jones has alleged (or can amend to allege) federal subject-matter jurisdiction, the Court should dismiss this lawsuit for Plaintiff's failure to allege a plausible claim**

Jones's paying the statutory filing fee prevents judicial screening under 28 U.S.C. § 1915.  But the Court may still "consider the sufficiency of the complaint on its own initiative."  *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds sua sponte." (citations omitted)).

Considering a dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).  Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions.  So, while a court must accept a plaintiff's factual allegations as true, it

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'") (quoting *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162–63 (5th Cir. 2021)).)

So, "to survive" dismissal under *Twombly* and *Iqbal*, Jones must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021) (While "[p]ro se complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

As already set out, Jones has not alleged a plausible federal cause of action. And although his Amended Complaint lists purported causes of action such as professional negligence, fraud, misrepresentation, and misconduct (*see* Am. Compl. at ECF p. 1), Jones has not alleged any factual allegations supporting an inference that the Defendants are liable for any misconduct. *See Iqbal*, 556 U.S. at 678;

12

*Twombly*, 550 U.S. at 555.  In fact, the Amended Complaint contains no facts at all regarding the claims that Jones attempts to assert.  (*See generally* Am. Compl.) Furthermore, the Amended Complaint (even construed liberally in Jones's favor) does not demonstrate that Jones has any reasonable likelihood of mustering factual support that Defendants are liable for any misconduct.

In addition, to the extent Jones asserts claims against the attorneys involved in his state court lawsuit, his lawsuit fails to state a claim upon which relief can be granted because an attorney being sued for conduct that was within the scope of his representation is entitled to immunity.  *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477 (Tex. 2015).  Texas courts have developed a comprehensive affirmative defense protecting attorneys from liability to non-clients, stemming from the broad declaration over a century ago that "attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App. 1910, writ ref'd). This attorney-immunity defense is intended to ensure "loyal, faithful, and aggressive representation by attorneys employed as advocates." *Mitchell vs. Chapman*, 10 S.W.3d 810, 812 (Tex. App. – Dallas 2000, pet. denied).

Finally, Jones's alleged claims against medical providers (such as Defendant Comprehensive Spine Center of Dallas), presumably related to medical care he received following the February 2019 accident—almost seven years before Jones filed his complaint—such claims are well past the limitations period.  *See, e.g.*,

13

*Robinson v. CSL Plasma Ctr.*, No. 3:21-CV-02520-G-BH, 2022 WL 4295252, at *3 (N.D. Tex. Aug. 25, 2022), *adopted*, 2022 WL 4295340 (N.D. Tex. Sept. 16, 2022) ("[Medical] malpractice claims are governed by the Texas Medical Liability Act's two-year statute of limitations.") (quoting *Smith v. Palafox*, 728 F. App'x 270, 275 (5th Cir. 2018) (citing Tex. Civ. Prac. & Rem. Code. §§ 74.001(a)(13); 74.251(a))).

For all these reasons, "even in [Jones's] best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020); *Twombly*, 550 U.S. at 570 (2007); *see also Johnson*, 574 U.S. at 12 (Plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).  Jones has not satisfied the plausibility standard.

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.'  More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing sua sponte with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).[2]  And "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dallas, Texas*, No. 24-

---

[2] The undersigned notes that, although subject matter jurisdiction must be considered sua sponte, and a court may raise sua sponte whether a plaintiff states a claim, Defendants' pending motions to dismiss raise grounds similar to some upon which the undersigned relies in recommending dismissal. (*See, e.g.*, Dkt. No. 25 at 2; Dkt. No. 33 at 2; Dkt. No. 57 at 6-7.)

14

10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (unpublished) (citing

*Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

## II.  RECOMMENDATION

The Court should sua sponte dismiss this lawsuit for lack of subject-matter

jurisdiction and, in the alternative, to the extent that Plaintiff has alleged (or can

amend to allege) federal subject-matter jurisdiction, the Court should sua sponte

dismiss this lawsuit for Plaintiff's failure to allege a plausible claim.

**SO RECOMMENDED** on March 18, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the
manner provided by law.  Any party who objects to any part of this report and
recommendation must file specific written objections within 14 days after being
served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific,
an objection must identify the finding or recommendation to which objection is
made, state the basis for the objection, and indicate the place in the magistrate
judge's report and recommendation where the disputed determination is found.  An
objection that merely incorporates by reference or refers to the briefing before the
magistrate judge is not specific.  Failure to file specific written objections will bar the
aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon
grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415,
1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1)
(extending the time to file objections to 14 days).